This case for argument this morning is United States v. Docs at the Door. Mr. Ackerman. Court, please. My name is Alan Ackerman. I represent Dr. Liani and Docs at the Door. For our purposes, I think Liani is sufficient, so I'll leave out Docs at the Door. With the Court's permission. Good morning. Good morning. To please the Court, Counsel for the Government. The genesis of this case as we see it is a relevant conduct restitution order in the sum of $523,000 based on a misdemeanor guilty plea under 18 U.S.C. SS-669. Now, the problem with that is, and I sent a Rule 28J note to the Court, I hope it received, been received, I hope so, that restitution cannot be based on relevant conduct unless it's part of the count of conviction. Here, there's a single misdemeanor count of conviction where the defendant... Did you make that argument in your brief, Mr. Ackerman? I did not. Isn't that a problem for you? It's a waiver question or it's a 2106 fairness question. I'm not sure. If the Court elects to overlook it this way, fine, but the reality is it's an improper restitution order to begin with. As the genesis for this case, the government took that order and got a summary judgment. Well, let me ask you, does that make any difference in this case? Because your client didn't respond to the 56.1 statement, so he admitted the facts, which were the genesis of the order, and you still got the plea agreement, which is problematic. The plea agreement is not problematic. It's the restitution order that's impermissible under the law of this circuit. So if you use that as a starting point, which the government did, and you get the summary judgment, which it did, although there was opposition to the summary judgment before the District Court. Now that there was. And look, the fact that defense counsel in the criminal case, the 533 case, did not challenge the relevant conduct, he may not have known about it. There's two cases. One of them is a 2025 case, which I cited in my 28J, and the other goes back to 2006, when Judge Posner wrote that in the criminal opinion that we're talking about. So that's the law of the circuit. Now they take the law of the circuit, and they go against that, but the government is smart. My opponents here are very, very fine lawyers and bright people. And they didn't just come into this case at the summary judgment part. They were there for part of the criminal case. The criminal case, I wasn't part of. But it lasted three days. There was some sort of mistrial motion. I don't recall exactly what. Something about a tape or something that wasn't disclosed, although the government can certainly tell the court about that better than I can. It doesn't matter. Okay. But that's the genesis of how this plea agreement came about. So instead of retrying the case, the 12 felony counts, they offer them a single-count misdemeanor, $85.87 or $87.85. Did Mr. Ackerman ever object? Well, it would be a negotiation issue. I'm sorry, Chief Judge Sykes. I couldn't hear you. It's actually coming back. I'm speaking. It's Judge Jackson of CUMI speaking. Did Mr. Ackerman ever object? It's more of a negotiation issue to the factual basis in the plea agreement, because that's really what's at issue here is the factual basis in the plea agreement, not the relevant conduct findings. It was all done in one day. On August 22nd, I believe is the date, there is a plea agreement, a conclusion of the jury trial. The jury is dismissed, and there's a guilty plea. And as part of the opening appellant's brief, which I did not write, but I'm arguing on behalf of it, the defendant was quizzical about the amount of money involved, because the district court kept asking him about this money. He had to accept it, had to, otherwise there was no plea agreement. Did Mr. Ianni, because did he lie under oath when he said the statements in the factual basis were true and correct? He agreed. He signed the plea agreement. That he agreed. But I'm also talking about the plea colloquy. No, the plea colloquy, he talked about the $87.85. That's what he talked about. The government was interested in the relevant conduct part of it, because the misdemeanor could only yield a single year in prison, at best. And, forget about what the defendant knew, or the defense counselman. The government knew or should have known that the restitution order, which is the heart of the summary judgment, because that's what they rely on to get the summary judgment in this case. They knew or should have known that you could not have a $523,600 restitution order on relevant conduct in the misdemeanor case, because there's nothing else in the single count information. That's all. So, I'm trying to reduce it to reality here. You have a $25 million judgment out of a relevant conduct order that shouldn't have been entered in the first place, because it was impermissible under Seventh Circuit law. Those are the bare facts. So, if those bare facts equal, you know what? Maybe something's a little skewed with this summary judgment here for $25 million. Maybe something's wrong. There was never a district court hearing here, by the way. I'm a little confused about your reference to a relevant conduct order. There was a restitution order as a part of the sentence here, and that's where the half a million dollar figure came in that your client admitted to in his plea agreement, as well as the number of false claims. But the dollar amount was in the restitution award, the restitution order. The restitution is not a fine. It's restitution in the judgment order in the criminal case. Right, but you keep referring to relevant conduct order. I think you mean restitution order. Because it didn't come out in the charged offense, the single misdemeanor. It was part of the plea agreement. I understand there was a misdemeanor compromise in the middle of trial to resolve the 12 felony counts. I think I'm tracking on that. I don't know that there was a compromise because even in fairness to the lawyer in the criminal case, he did file something before sentencing. I don't know what he called it. A sentencing memorandum or something, where he suggested that the restitution should be $200,000 less than it was. He never raised the issue that it's impermissible to begin with. No, I'm assuming he didn't know. That's my assumption. Your Honor brings up a very fair, could it have been part of a bargaining process? The record doesn't disclose that. That's my point. Or more simply, we wouldn't be here if Ayani and his counsel and the government had not put these details in the plea agreement. But they're in the plea agreement. Right, would Ayani, in other words, had been better off, had these extra details beyond the misdemeanor charge of conviction not been in the plea agreement on a factual basis? My age is catching up with me. I'm having trouble hearing you, Tess. May I? I'll shorten it. The real problem is that these details, these details beyond the count of conviction are in the factual basis of the plea agreement. Is that correct? No. I'm assuming the factual basis for the plea is that he overcharged by $87.85, or that figure, for the single misdemeanor count. Remember, this is the conclusion of a three-day jury trial where there was the threat of a mistrial or something. But again, government counsel was there, so she can tell you all that, and I have my time. Thank you. Thank you very much. Ms. North. May it please the court, counsel, all of the arguments you just heard today are waived. They're new arguments, this whole relevant conduct, red herring, the attacking the criminal case, none of this has been litigated in the civil case, was addressed below, and all of it should be set aside as a tangent. The true essential important thing here for the court is that these facts are all undisputed. As Judge Kirsch pointed out, these facts were set out in the Rule 56.1 Statement at Summary Judgment. They were not disputed. How could they possibly have been disputed? They were sworn to in a plea, as Your Honor rightly pointed out, and they're not saying, oh, I lied in my plea, so of course they can't dispute them. They didn't dispute them. And so the district judge here, Judge Pallmeyer, was on very solid ground, not only on the estoppel law, the False Claims Act estoppel provision that provides for the judgment here, common law collateral estoppel, but also based simply on the fact that the government put forward a series of facts, cited a basis for them, those facts were not refuted, and those facts amounted to violations of the False Claims Act to the degree here, which is 4,367 false claims that Mr. Ianni caused over about four and a half years. To be very precise, and I don't mean to split hairs, but the statement of facts that the government submitted in this False Claims Act case did not affirmatively put those admissions from the plea agreement in the summary judgment record for purposes of inviting a denial or a non-denial from Mr. Ianni and docks at the door. The statement of facts said that in his plea, Ianni stated that during the time in question, Medicare paid this half a million dollar figure and these 4,000 plus, and docks at the door submitted these 4,000 plus false claims. So basically the recitation was the facts of the plea, not the underlying facts. And so when there was a non-denial of that, all we have is the plea agreement in front of us. So the question remains, what form of estoppel is appropriate to apply to that plea agreement and the judgment that produced it, which includes the restitution order that reflects that half a million dollars and that 4,000 plus false claims. So we still have an estoppel question. I hear you, Your Honor. I do think, however, the court doesn't actually need to reach estoppel because of the fact that those facts were set out and they weren't responded to just based on the court's precedent. They were set forth in terms of what was in the plea agreement. Right. And so we can accept that those facts were in the plea agreement. He didn't admit in this proceeding to those facts by failing to respond to them. By failing to respond to them, he admitted that the plea agreement says what it says, is what it is, and whether or not it has estoppel is a legal question for us. Okay. I do just want to respond that if, for example, this wasn't a plea and it was sworn testimony somewhere else and you said you testified A, you testified B, you testified C, and the person never came back and responded, that's all evidence that that is that person's position and you're taking that evidence and having that evidence not responded to. The government said below, these are judicial admissions, you also didn't respond to any of these facts. All of these facts satisfy a False Claims Act judgment for 4,367 false claims, and below, Mr. Ianne did not respond to those arguments even in the brief. The judicial admission arguments, the fact that all of these facts satisfy the False Claims Act. I just want to respond to that sort of contention. And then moving over to what you were specifically asking about collateral estoppel, of course there's two bases here, and the district judge was on firm ground finding estoppel under False Claims Act provision. There are several cases that we have set out in our briefing where, as often happens, the factual basis of the plea describes the scheme, describes something broad, is not actually relevant conduct in the way we think of it. This was a plea factual basis, not some sort of related or associated or separate scenario. And in cases like Harris, in cases like Olive, in the Eighth Circuit, in the E. Biofuse case, all cited very similar scenarios also under the False Claims Act holding that Section 3731E applies, that estoppel applies even where the defendant has pled guilty to, as typically happens, one single charge, but has admitted pled guilty to that as part of a scheme and has admitted the details of that scheme. So that's the statutory estoppel. Is that a sound interpretation of the statute? I do believe so. So the statutory estoppel principle is limited to the essential elements of the offense. Correct, Your Honor. Does that refer to the charged offense? Does that refer to the offense of conviction? That is not. And what are the essential elements once we isolate our unit of analysis? Sure. Well, obviously what counsel, Mr. Ackerman, would like to view it as is solely the one obvious charge there. Well, that's what the statute says. So that's not like a totally far-fetched position. Okay. That isn't how any other court has found it. Okay. I'm asking you a direct question. So don't just seek refuge in what other courts have said. Tell me straight up why your interpretation is a sound interpretation of the statute. Because I don't think the statute was ever believed to have Text first. Text first.  So it's Always text first. Okay. Well, it's the same transaction. All right. So the same transaction being The statute refers to That's a common law estoppel question. You're on really firm ground on common law estoppel, first of all. I'm trying to focus on the scope of the statutory estoppel principle. And maybe we should just completely avoid it in this case because it's not necessary to an affirmance here because you're on such solid ground on the common law estoppel. But there is a statutory interpretation question about what the scope of the statutory estoppel principle is. And the text says essential elements. So you're focused on that. The essential elements. That's what the statute says. I'm not raising a far-fetched question. Sure. There are just a bunch of other pieces of it. And that's why I was sort of addressing some of it. But I will focus in on this one. So the essential elements of the offense, as we view them, encompass the fraudulent scheme and are not an offense in the parsed out notion here. And because the False Claims Act is used routinely to address business schemes. What statute was he convicted under? Pardon me? What statute was Mr. Aiyani convicted under? It was an embezzlement of Medicare funds. And what are the elements of that crime? The elements of that. Well, it's a it is in general a fraud and false claim statement. But I don't have the. Isn't that what we should be focusing on in terms of the statutory component to this estoppel claim? Your Honor, the specific charge of this offense, the particular things that were done for him to plead guilty are the same scheme. But I agree with you. You do not actually have to reach that. There are three different ways for us to get to it. I totally appreciate you are unconvinced by that. But lateral estoppel common law applies here as well. So thank you. If there are no further questions, we ask the Court to refer. Thank you. Mr. Ackerman, your time had expired, so we'll take the case under advisement and move to our last case.